CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
June 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Patrick E. Berrang, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:25-cv-00056 |
| ) | |
| Patricia L. Wright *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Patrick E. Berrang's motion to remand to state court (Dkt. 12) and motion to impose fees and sanctions on Defendant Patricia L. Wright (Dkt. 13). The court will grant the motion to remand, as it lacks subject matter jurisdiction over this action and Wright has not complied with the statutory requirements for removal. The court will deny Berrang's motion to impose fees and sanctions but warns Wright that it likely will impose sanctions if she continues attempting to remove this case.

### I.   Background

On February 20, 2024, Berrang filed a complaint in the Circuit Court of Highland County, Virginia, seeking a partition of real estate located in Monterey. (*See* Compl. (Dkt. 12-1).) He brought the action against Wright, who shares ownership of the property at issue. (*Id.* ¶ 1; *see* Compl. Ex. A (Dkt. 1-2).) Berrang also sued J. Michael Thomas and Seth E. Twery P.C. in their capacity as trustees of a deed of trust that Select Bank holds on the property. (Compl. at 1.)

According to Berrang, Wright received service of the state-court complaint on March 2, 2024. (*See* Mot. to Remand at 1–2 (Dkt. 12).) Wright appeared and filed an answer to Berrang's complaint on March 25, 2024. (State-Court Record at 66, 68 (Dkt. 15).) More than a year later, on May 7, 2025, the state court entered an order granting Berrang possession of the property. (Dkt. 12-3.) Berrang asserts that Wright did not comply with the state court's order to vacate the property. (Mot. to Remand at 2.) The state court entered a writ of eviction on June 9, 2025. (*Id.*)

That same day, Wright filed a notice of removal in this court. (Dkt. 1.) She then filed a motion for a temporary restraining order asking this court to stop the eviction and requested an expedited hearing on that motion. (Dkts. 9, 11.) On June 12, 2025, Berrang moved to remand the case to state court on the grounds that this court lacks subject matter jurisdiction over the case and Wright failed to properly remove it under 28 U.S.C. § 1446. (*See* Mot. to Remand.) Berrang also filed a motion to impose fees and sanctions on Wright. (Mot. to Impose Fees & Sanctions (Dkt. 13).) He asks the court to award him the expenses he incurred in responding to Wright's notice of removal, including reasonable attorney's fees. (*Id.* at 1.) He also argues that the court should sanction Wright under Federal Rule of Civil Procedure 11 for making "repeated vexatious and frivolous filings" in this case and another she previously filed in this court. (*Id.*) Wright filed a response opposing both the motion to remand and the motion for fees and sanctions. (Dkt. 20.)

## II.   Standard of Review

A defendant may remove a case from state court to a federal district court only if the case falls within the federal court's original jurisdiction. 28 U.S.C. § 1441(a). Federal courts

are courts of limited jurisdiction and may hear cases only when authorized by the United States Constitution and by statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A case may be filed in (or removed to) federal court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. For a court to exercise jurisdiction under § 1331, the federal question must appear on the face of the plaintiff's well-pleaded complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Section 1332 authorizes a federal court to exercise diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

The federal removal statutes establish several additional requirements for removal. To properly remove a case, a defendant generally must file a notice of removal in federal court within 30 days after receiving a copy of the initial state-court complaint "through service or otherwise." 28 U.S.C. § 1446(b)(1). In addition, when a case is removable only under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

After a defendant removes a case to federal court, the plaintiff may move to remand the case to state court under 28 U.S.C. § 1447(c). The removing party has the burden of demonstrating that removal is proper. *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). Because removal implicates "significant federalism concerns," *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 334 (4th Cir. 2008) (citation omitted), federal courts

have a "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand," *id.* at 336.

### III. Analysis

Removal of the partition action is improper for at least two different reasons. First, this court lacks subject matter jurisdiction over the action, which includes non-diverse parties and asserts no claims that arise under federal law. Second, Wright has not complied with the statutory requirements for removal.

**A. The court lacks subject matter jurisdiction.**

Berrang's state partition action seeks relief under Va. Code § 8.01-81; he does not allege any cause of action that arises under federal law. (*See* Compl.) While Wright's notice of removal alleges that Berrang and others violated various federal laws, those claims do not appear on the face of Berrang's complaint and thus do not give this court subject matter jurisdiction over the partition suit. Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. That means a state-court plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Berrang has done that here.

Nor can this court exercise diversity jurisdiction over the partition action. The record indicates that both Berrang and Wright are domiciled in Virginia, so the parties do not satisfy § 1332's complete diversity requirement. *See Cent. W. Va. Energy Co.*, 636 F.3d at 103.

Because this court lacks either federal question or diversity jurisdiction over the partition action, it must remand the action to state court.

**B. Wright has not complied with the statutory requirements for removal.**

Even if the court could exercise subject matter jurisdiction over this case, removal is untimely. Wright did not file the notice of removal within 30 days of receiving service of the complaint or summons, as required by 28 U.S.C. § 1446(b)(1). She was served with the complaint and made her first appearance in state court more than a year before she filed the notice of removal. (*See* Mot. to Remand at 1–2; State-Court Record at 66.) In addition, removal is improper under § 1446(b)(2)(A), as Wright attempts to remove the suit under § 1441(a) and not all defendants have consented to removal. Neither J. Michael Thomas nor Seth E. Twery P.C., the two trustees named as defendants, has filed a notice of removal or consented to Wright's notice.

**C. The court will not impose fees or sanctions on Wright at this time, but it warns Wright that any further attempt to remove the state partition action to this court likely will result in sanctions.**

Berrang asks the court to impose Rule 11 sanctions on Wright—including restrictions on her access to the court—to address her "repeated and vexatious and frivolous filings" in this case and another she has filed in this court. (Mot. to Impose Fees & Sanctions at 1.) He also asks the court to order Wright to pay the expenses he incurred in responding to her improper attempt at removal. (*Id.*)

As Berrang notes, this is not Wright's first attempt to remove the state partition action. On March 14, 2025, she filed a separate lawsuit in this court that alleges federal- and state-law claims related to the same disputed property and partition proceedings.[1] *See Wright v. Select*

---

[1] Wright asks the court to docket her June 9, 2025 notice of removal as a supplemental filing in her other federal case. (*See* Dkt. 7 at 1.) The court will treat her notice of removal as a separate action rather than part of her other lawsuit, which includes a defendant and claims that do not appear in the state partition suit.

- 5 -

*Bank*, No. 5:25-cv-00021 (W.D. Va. filed Mar. 14, 2025). In that case, Wright has tried multiple times to remove the partition action, and this court has repeatedly informed her that she has not properly removed it. *See id.*, Dkts. 3, 39, 85. Wright has filed several other meritless motions in that case, and on May 23, 2025, this court warned her that it may impose a pre-filing injunction or other sanctions if she continued to file such motions, especially those based on arguments the court previously rejected. *See id.*, Dkt. 85.

Although Wright filed the June 9, 2025 notice of removal after receiving that warning, the court finds that a pre-filing injunction is not yet warranted. A court must approach measures that limit a *pro se* litigant's access to the courts "with particular caution." *Cromer v. Kraft Foods N. Am, Inc.*, 390 F.3d 812, 817–18 (4th Cir. 2004) (citation omitted). Because Wright previously had not filed a notice of removal, the court's earlier opinions did not elaborate on the specific reasons why removal is improper under § 1446 (though one opinion did note the apparent lack of subject matter jurisdiction). *See Wright v. Select Bank*, Dkt. 3 at n.2; *id.*, Dkt. 39 at n.2; *id.*, Dkt. 85 at 2. The court's opinion today eliminates any lingering uncertainty: Wright cannot remove the state partition action to this court. The court likely will impose appropriate sanctions if Wright makes any further attempt to remove the same underlying partition suit.

Finally, the court will not require Wright to pay Berrang's attorney's fees or other expenses arising from the notice of removal at this time. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "There is no automatic entitlement to an award of attorney's fees" under § 1447(c). *Common Cause v. Lewis*, 956 F.3d 246, 257 (4th Cir. 2020)

(quoting *Beusterien v. Icon Clinical Rsch., Inc.*, 517 F. App'x 198, 199 (4th Cir. 2013)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* When applying this rule, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

The court recognizes that Wright is a non-attorney representing herself. The court had not explicitly informed her that the partition suit was unremovable, and this case has been resolved in approximately three weeks with relatively little briefing required. Given the specific circumstances in this case, the court will not, in its discretion, order Wright to pay the expenses Berrang incurred due to the unsuccessful removal. But the court cautions Wright that it likely will impose sanctions if she disregards this court's warning and continues trying to remove the partition suit to federal court.

## IV.    Conclusion

For the reasons stated above, the court will **GRANT** Berrang's motion to remand (Dkt. 12) and **REMAND** this action to the Circuit Court of Highland County. The court will **DENY** Berrang's motion to impose fees and sanctions (Dkt. 13). However, the court warns Wright that any further attempts to remove the state partition action likely will result in an appropriate sanction, up to and including limitations on her ability to access this court.

**ENTERED** this 30th day of June, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE